# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

MYRTIS PAULO HART,

        Petitioner,

vs.                                 No. CIV 19-0766 JB\KBM

MARK GALLEGOS,

        Respondent.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Petitioner Myrtis Paulo Hart's failure to prosecute his Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2254, filed August 21, 2019 (Doc. 1)("Petition"). The Petition purports to challenge all present and "future confinement[] [in] any county jail, mental hospital . . . [or] detention facility." Petition at 2. Hart recently severed contact with the Court and has not provided a forwarding address. Having reviewed applicable law and the record, the Court will dismiss the case without prejudice.

## PROCEDURAL BACKGROUND

Hart filed the Petition on August 21, 2019. See Petition at 1. At the time, the Curry County Adult Detention Center in Clovis, New Mexico, incarcerated Hart. See Petition at 16. The Court referred the matter to the Honorable Karen Molzen, United States Magistrate Judge for the United States District Court for the District of New Mexico, for recommended findings and disposition and to enter non-dispositive orders. See Order or Reference Relating to Prisoner Cases at 1, filed August 23, 2019 (Doc. 2). On November 18, 2019, Hart sought leave to proceed in forma pauperis and filed a Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (Doc. 5)("IFP Motion"). He paid the $5.00 filing fee on January 15, 2020. See Filing

fee: $5.00, filed January 15, 2020 (Doc. 9). The matter was then ready for initial review under the rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts (effective February 1, 1977, as amended to February 1, 2010).

On February 11, 2020, the Curry County Adult Detention Center returned to the Court two mailings, which the Court had sent to Hart, as undeliverable with the notation: "Return to Sender, Addressee Not Here." Mail Returned as Undeliverable, filed February 11, 2020 (Doc. 11); Mail Returned as Undeliverable, filed February 11, 2020 (Doc. 12). It appears that Hart was released from custody or transferred to another facility without providing his new address, as D.N.M. LR-Civ. 83.6 requires. Accordingly, Magistrate Judge Molzen entered an Order directing Hart to notify the Clerk of his new address within thirty days of the Order's entry and to show cause why this action should not be dismissed without prejudice. See Order Granting In Forma Pauperis Motion But Requiring Petitioner to Show Cause, filed February 19, 2020 (Doc. 13)("Show Cause Order"). The Order also granted the pending IFP Motion, to the extent Hart sought to excuse prepayment of the filing fee when he commenced the case. See Show Cause Order at 1. The show-cause deadline was March 19, 2020. See Show Cause Order at 2. To date, Hart has not updated his address and the Order was returned as undeliverable. See Mail Returned as Undeliverable, filed March 9, 2020 (Doc. 14).

## ANALYSIS

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of an action "[i]f the plaintiff fails to prosecute or to comply with the [Federal Rules of Civil Procedure] or a court order." Fed. R. Civ. P. 41(b). See AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc., 552 F.3d 1233, 1236 (10th Cir. 2009)("A district court undoubtedly

has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules.")(internal citation omitted). As the United States Court of Appeals for the Tenth Circuit has explained, "the need to prosecute one's claim (or face dismissal) is a fundamental precept of modern litigation." See Rogers v. Andrus Transp. Servs., 502 F.3d 1147, 1152 (10th Cir. 2007). "Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court[s'] orders." Olsen v. Mapes, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003).

"Dismissals pursuant to Rule 41(b) may be made with or without prejudice." Davis v. Miller, 571 F.3d 1058, 1061 (10th Cir. 2009). If dismissal is made without prejudice, "a district court may, without abusing its discretion, enter such an order without attention to any particular procedures." Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cty. Justice Ctr., 492 F.3d 1158, 1162 (10th Cir. 2016)("Nasious"). Because "[d]ismissing a case with prejudice, however, is a significantly harsher remedy -- the death penalty of pleading punishments -- [the Tenth Circuit has] held that, for a district court to exercise soundly its discretion in imposing such a result, it must first consider certain criteria." Nasious, 492 F.3d at 1162. Those criteria include: "[i] the degree of actual prejudice to the defendant; [ii] the amount of interference with the judicial process; [iii] the culpability of the litigant; [iv] whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and [v] the efficacy of lesser sanctions." Nasious, 492 F.3d at 1162 (quoting Ciralsky v. C.I.A., 355 F.3d 661, 669-70 (D.C. Cir. 2004)).

Hart is no longer in custody at his address of record, and he has not provided a current

address. In light of this failure, the Court will dismiss this case pursuant to rule 41(b) for failure to prosecute. See Olsen v. Mapes, 333 F.3d 1199 at 1204. After considering the factors in Nasious, the Court will dismiss this matter without prejudice.

**IT IS ORDERED** that: (i) Petitioner Myrtis Paulo Hart's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2254, filed on August 21, 2019 (Doc. 1), is dismissed without prejudice; and (ii) the Court will enter a separate Order entering Final Judgment in this matter.

_____
UNITED STATES DISTRICT JUDGE

*Parties:*

Myrtis Paulo Hart
Hobbs, New Mexico

   *Petitioner pro se*